IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DENTSPLY INTERNATIONAL, INC.,<br><br>Plaintiff,<br><br><br>vs.<br><br><br>RYAN DOWNARD,<br><br>Defendant. | ORDER REMANDING CASE TO STATE COURT<br><br><br><br>Case No. 2:06-CV-00645 PGC |

Defendant Ryan Downard filed a notice of removal in this case on August 3, 2006. The case was originally filed in the Third District Court in and for Salt Lake County, State of Utah as civil case number 060911373. Mr. Downard claims that he is entitled to removal based on 28 U.S.C. § 1441 because this is a civil action over which this court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Section 1332 grants this court subject matter jurisdiction when the parties' citizenship is completely diverse.

This complete diversity requirement is met here because plaintiff Dentsply International, Inc. admits it is incorporated in Delaware; Dentsply admits its principal place of business is in York, Pennsylvania; and Mr. Downard admits he is a citizen of Utah. But based on defendant Mr. Downard's own admission that he is a citizen of Utah, removal is improper. As the Supreme Court said in *Caterpillar Inc. v. Lewis*:

> When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court, *provided that no defendant "is a citizen of the State in which such action is brought*."[1]

Dentsply's complaint is a civil action over which this court would have original jurisdiction based on diversity of citizenship.  If Dentsply would have filed the complaint in this court, jurisdiction would have been proper.  Instead, Dentsply chose to originally file the complaint in Utah state court.  Since defendant Mr. Downard is a citizen of the state in which the action was brought, 28 U.S.C. § 1441(b) precludes removal.

Federal district courts must sua sponte address their own subject matter jurisdiction.[2]  The court holds that it lacks subject matter jurisdiction in this case.  Accordingly, the court therefore ORDERS that this case be remanded to the Third District Court in and for Salt Lake County, State of Utah.  The clerk's office is directed to close the case.

SO ORDERED.

DATED this 9th day of August, 2006.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge

---

[1] 519 U.S. 61, 68 (1996) (quoting 28 U.S.C. § 1441(b)) (citation omitted) (emphasis added).

[2] *United States v. Lugo*, 170 F.3d 996, 1002 (10th Cir. 1999).